Katessa M. Charles (SBN 146922)
Katessa.Charles@Jacksonlewis.com
Stephanie Y. Yun (SBN 303986)
Stephanie.Yun@Jacksonlewis.com
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone:   (213) 689-0404
Facsimile:   (213) 689-0430

Attorneys for Defendant
NEXSTAR MEDIA GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GORDON, an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NEXSTAR MEDIA GROUP, INC., a Delaware corporation; and DOES 1 - 50, inclusive,<br><br>　　　　　Defendants. | **CASE NO.:**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b) DIVERSITY**<br><br>(Filed concurrently with Declarations of Stephanie Y. Yun and Terri Bush, Notice of Interested Parties, Corporate Disclosure Statement, Civil Case Cover Sheet, and Proof of Service) |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF ADAM GORDON, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant NEXSTAR MEDIA GROUP, INC. hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a) and 1441(b) and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles ("Los Angeles Superior Court") based on diversity jurisdiction.  In support thereof, Defendant avers the following:

<u>**SERVICE AND PLEADINGS FILED IN STATE COURT**</u>

1.     On December 13, 2021, Plaintiff Adam Gordon ("Plaintiff") filed an unverified civil complaint against Defendant Nexstar Media Group, Inc. in the Superior Court of the State of California in and for the County of Los Angeles entitled *Adam Gordon v. Nexstar Media Group, Inc.*, Case No. 21STCV45401 ("the Complaint").  A true and complete copy of the Complaint and other related court documents received by Defendant is attached hereto as Exhibit "A."

2.     In the Complaint, Plaintiff asserts four causes of action against Defendant including for: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) hostile work environment – sexual orientation harassment in violation of the FEHA; (3) failure to take reasonable steps to prevent harassment in violation of the FEHA; and (4) retaliation in violation of the FEHA.

3.     On December 29, 2021, Defendant's registered agent for service of process in California was served with and received a Summons, the Complaint, a Civil Case Cover Sheet, and related papers. The Complaint did not specify any amount of damages sought by Plaintiff or provide any information regarding the amount in controversy, other than that the amount in controversy exceeded $25,000, which is the jurisdictional limit for unlimited civil cases in California. *California Code of Civil Procedure* §§86, 88.

4.     On January 20, 2022, Defendant timely filed its Answer to the Complaint in state court, making a general denial as permitted by California Code of Civil Procedure

section 431.30(d) and asserting various affirmative defenses. Defendant also timely served the Answer to Plaintiff's counsel on January 20, 2022.  A true and correct copy of Defendant's Answer is attached hereto as Exhibit "B."

5.     The Los Angeles County Superior Court scheduled a Case Management Conference for April 15, 2022.  *See* Declaration of Stephanie Y. Yun ("Yun Decl."), ¶ 4.

6.     Exhibits "A" and "B" constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

## TIMELINESS OF REMOVAL

7.     This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served with a copy of a Summons and the Complaint upon which this action is based. *See Murphy Bros., Inc. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353 (1999) (actual service of process is the official trigger for responsive action by a named defendant, as opposed to receipt of complaint through other means). This Notice of Removal is therefore timely, as it is filed within the time period that is provided by 28 U.S.C. § 1446(b).

## NOTICE TO ALL PARTIES AND STATE COURT

8.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court.  Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## VENUE

9.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, et seq. and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the causes of action arose.

## BASIS FOR REMOVAL: DIVERSITY OF CITIZENSHIP

10.     Diversity jurisdiction exists where there is diversity of citizenship between the parties at the time the lawsuit is filed. *Grupo Dataflux v. Atlas Global Group, LP*, 541 U.S. 567, 571 (2004).

11.     This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. 28 U.S.C. §1332(a)(1).

12.     The citizenship of the parties is diverse.  As shown below, there is complete diversity of citizenship because this is an action between Plaintiff, a citizen of California, on the one hand, and Defendant, a citizen of Delaware, on the other hand.

### PLAINTIFF ADAM GORDON

13.     To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places where they reside with the intent to remain or to which they intend to return. *Kanter v. Warner-Lambert Co*, 265 F.3d 853, 857 (9th Cir. 2001).

14.     Defendant is informed and believes that Plaintiff was, at the time this action was commenced, and still is, a resident and citizen of the State of California. *See* Declaration of Terri Bush ("Bush Decl."), ¶ 11.

15.     Plaintiff Adam Gordon was an employee of Nexstar Media Inc.  *See* Bush Decl., ¶ 8. At the time of the employment separation on May 1, 2021, Plaintiff identified West Hollywood, California as his city and state of residence.  *See* Bush Decl., ¶ 11.

16.      Finally, at Paragraph 1 of the Complaint, Plaintiff alleges, in part, that he is "a resident of the County of Los Angeles, State of California."  See Complaint ¶ 1, Exhibit "A".

### DEFENDANT NEXSTAR MEDIA GROUP, INC.

17.     A corporate defendant is a citizen of any state in which it is incorporated, as well as the state where it maintains its principal place of business pursuant to 28 U.S.C. § 1332(c)(1). The United States Supreme Court has recognized that a corporation's "principal place of business" is determined by its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v.*

*Friend*, 559 U.S. 77, 80-81 (2010). A corporation can only have one "nerve center." *Id.* at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. *Id.*

18.     At the time the Complaint was filed in state court, and presently at the time of removal, Defendant Nexstar Media Group, Inc. was and is a general business corporation organized under the laws of the state of Delaware, with its principal place of business located in Irving, Texas.  Nexstar Media Group, Inc.'s headquarters, including its main administrative office and executive offices, are located in Irving, Texas. It is at the Irving, Texas location where all corporate governance activity, including oversight, compliance and corporate strategy, take place. Defendant's administrative functions, including corporate finance and accounting, legal and information systems, are directed from the Irving, Texas headquarters.  No executive offices or executive officers of Nexstar Media Group, Inc. are located in California; likewise, no senior management decisions of Nexstar Media Group, Inc. are made in California.  *See* Bush Decl., ¶¶ 4-6.  Defendant is not now, nor was it at the time this action commenced, a citizen of the state of California.

19.      Because Plaintiff is not a citizen of either state of which Defendant Nexstar Media Group, Inc. is a citizen, diversity exists.  Because, Defendant's primary operations are handled outside the state of California, diversity exists.

20.     No other defendants have been named in the Complaint.

21.     Nexstar Media Inc. is a privately held, wholly owned subsidiary of Nexstar Media Group, Inc.  It is a general business corporation organized under the laws of the state of Delaware, with its principal place of business also located in Irving, Texas.  Nexstar Media Inc.'s headquarters, including its main administrative offices and executive offices are located in Irving, Texas. *See* Bush Decl., ¶ 6.

22.     Nexstar Media Inc. employed Plaintiff as a Vice President of Sales and compensated Plaintiff for his services from May 13, 2019 to May 1, 2021.  *See* Bush Decl., ¶ 8.

## DOE DEFENDANTS

23.     Defendant is not aware of any Doe Defendant having been served with a copy of the Summons and the Complaint. The citizenship of Doe Defendants is disregarded for the purpose of removal. 28 U.S.C. § 1441(a).

24.     Based on the foregoing, there is complete diversity allowing removal by Defendant in that Plaintiff is a California citizen and Defendant Nexstar Media Group, Inc is not. 28 U.S.C. §§ 1441, et seq.; *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1998).

## AMOUNT IN CONTROVERSY

25.     This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Without admitting that Plaintiff could recover any damages, Defendant asserts that the amount in controversy in this action could exceed $75,000.00, exclusive of interest and costs.

26.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every claim alleged. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D. Cal. 2002) 199 F.Supp. 993, 1001, citing *Burns v. Windsor Ins. Co.* (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability") and *Angus v. Shiley Inc.* (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated").  Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.* (2002) 281 F.3d 837, 843, n.1, citing *Willingham v. Morgan* (1969) 395 U.S. 402, 407 n.3.

27.     The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*

(1998) 142 F.3d 1150, 1155-56 and *Goldberg v. CPC Int'l, Inc.* (1982) 678 F.2d 1365, 1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount). The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases. *See e.g., Simmons v. PCR Technology* (2002) 209 F.Supp.2d 1029, 1035. Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035. At a conservative rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No. CIVS-13-0926 LKK/KJN (2013), U.S. Dist. LEXIS 130082 (E.D. Cal. Sept. 10, 2013) (estimating future attorney's fees using rate of $250 per hour). Indeed, Plaintiff's attorneys' fees alone will exceed $75,000 if the case proceeds to trial.

28.    At Paragraphs 7 and 19 of the Complaint, Plaintiff alleges that he was employed as a Vice President of Sales in Los Angeles, California from May 13, 2019 to May 1, 2021. *See* Complaint ¶¶ 7, 19, Exhibit "A"; *see also* Bush Decl., ¶ 8.

29.    Plaintiff was hired by Nexstar Digital, LLC which merged into Nexstar Media Inc. on November 1, 2020. Mr. Gordon's position was that of Vice President of Sales with an annual salary of $150,000. Just prior to the employment termination, Plaintiff earned an annual salary was $150,000. Further, he received employee benefits, including medical insurance coverage, during his employment. *See* Bush Decl., ¶¶ 8-10. Assuming, conservatively, two years of back pay through a potential trial date and two years of front pay beyond a trial date, Plaintiff is seeking in excess of the jurisdictional limit of this Court. Thus, the amount in controversy is satisfied by virtue of Plaintiff's alleged lost earnings.

30.    Plaintiff's potential recovery for lost wages, emotional distress damages, and attorney's fees satisfy the jurisdictional prerequisite for establishing the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial. Accordingly, the amount in

controversy in this case exceeds the requirement under 28 U.S.C. §1332(a).

## DIVERSITY JURISDICTION IS SATISFIED

31.     This action may be removed to this Court by Defendant, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, et seq. and 1446(b), because the action is between citizens of different states and, based on the facts and arguments set forth above, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

32.     The Notice of Removal was filed within thirty (30) days of December 29, 2021, the date of service listed on Plaintiff's Proof of Service.  This Notice of Removal is therefore timely, as it has been filed within the time period provided by 28 U.S.C. § 1446(b).

## VENUE IS PROPER

33.     Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) because the action was removed from the Superior Court of California for the County of Los Angeles and the Central District of California, Western Division, is the judicial district where the state action is pending.  Further, the Central District of California is the judicial district of this Court in which the claims alleged in the Complaint arose.

34.     For all the foregoing reasons, this Court has original jurisdiction of the Complaint under 28 U.S.C. §§ 1332 and 1441 et seq.

WHEREFORE, Defendant prays the above action now pending against it in the Superior Court of the State of California for the County of Los Angeles be removed to this Court.

Respectfully submitted,

DATED:  January 21, 2022          JACKSON LEWIS P.C.

By:     _Katessa M. Charles_
_____
Katessa M. Charles
Stephanie Y. Yun

Attorneys for Defendant
NEXSTAR MEDIA GROUP, INC.

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/13/2021 01:56 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

Case 2:22-cv-00454   Document 1   Filed 01/21/22   Page 10 of 38   Page ID #:10

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Linfield

THE CASTAÑÓN LAW GROUP

Myrna Castañón, Esq. (SBN: 188170)

Brett M. Rubin, Esq. (SBN: 226279)

1801 Century Park East, Suite 1100

Los Angeles, CA 90067

Tel: (310) 277-7722

Fax: (323) 966-5959

E-mail: *myrna@clglawyers.com*

E-mail: *brett@clglawyers.com*

Attorneys for Plaintiff
ADAM GORDON

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| ADAM GORDON,<br><br>               Plaintiff,<br><br>      v.<br><br>NEXSTAR MEDIA GROUP, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>           Defendants. | Case No.:  21STCV45401<br><br>COMPLAINT FOR DAMAGES<br><br>1.   DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA (Cal. Gov't Code §12940 *et seq.*)<br><br>2.   HOSTILE WORK ENVIRONMENT – SEXUAL ORIENTATION HARASSMENT IN VIOLATION OF THE FEHA (Cal. Gov't Code §12940(j))<br><br>3.   FAILURE TO TAKE REASONABLE STEPS TO PREVENT HARASSMENT<br><br>4.   RETALIATION IN VIOLATION OF THE FEHA<br><br>DEMAND FOR JURY TRIAL |

<u>GENERAL ALLEGATIONS</u>

This case is about an openly gay man who suffers from chronic anxiety. He was a

dedicated employee at Defendant NEXSTAR MEDIA GROUP, INC. ("Nexstar and/or

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

Defendant") where he was subjected to a hostile work environment due to his sexual orientation, until he was terminated due to his disability (chronic anxiety), and in retaliation for reporting the hostile work environment.

<u>PARTIES</u>

1.     Plaintiff ADAM GORDON ("Plaintiff") is a homosexual man and a resident of the County of Los Angeles, State of California.

2.     At all times relevant hereto, Nexstar is a Delaware Corporation. Nexstar hired Plaintiff to work in Los Angeles, California, and during his employment, Plaintiff worked for Nexstar in Los Angeles, California.

3.     Plaintiff is informed, believes, and thereupon alleges that Defendants DOES 1 through 25, inclusive, and each of them, were, at all times relevant hereto, public, business, and/or other entities whose form is unknown, engaged as a matter of commercial actuality, in purposeful economic activity within the County of Los Angeles, State of California.

4.     Plaintiff is informed, believes, and thereupon alleges that DOES 26 through 50 inclusive, and each of them, at all times relevant hereto, were residents of the County of Los Angeles, State of California, and were agents, partners, and/or joint venturers of Defendants and/or DOES 1 through 50, inclusive, acting as supervisors, managers, administrators, owners, and/or directors or in some other unknown capacity.

5.     The true names and capacities of DOES 1 through 50, and each of them, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at this time. Plaintiff will file DOE amendments, and/or ask leave of court to amend this complaint to assert the true names and capacities of these Defendants when they have been ascertained. Plaintiff is informed, believes, and upon such information and belief alleges, that each Defendant herein designated as

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

a DOE was and is in some manner, negligently, wrongfully, or otherwise, responsible and liable to Plaintiff for the injuries and damages hereinafter alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

JURISDICTION AND VENUE

6.      Jurisdiction and venue are proper in the Superior Court for the County of Los Angeles because injury or damage to Plaintiff occurred in its jurisdictional area and Plaintiff's damages are in excess of the minimum sum required for jurisdiction in the Superior Court of the State of California.

FACTS COMMON TO ALL CAUSES OF ACTION

7.      On or about May 13, 2019, Nexstar hired Plaintiff as the Vice President of Sales ("VP of Sales"). As the VP of Sales, Plaintiff was responsible for "delivering best in class sales performance and developing relationships with key national accounts and agencies in the U.S." Plaintiff's role was "accountable for implementing strategies that drive revenue growth, profitability, and market development in line with Nexstar's vision and values."

8.      In August 2019, Warren Kay ("Kay") (a heterosexual male) was hired to run sales at Nexstar as the Chief Revenue Office and supervised Plaintiff.

9.      In September 2019, Kay inexplicably changed Plaintiff's title to VP of Eastern Sales despite Plaintiff having most of his experience with the West Coast. Kay then appointed Adam Thomas ("Thomas") (a heterosexual male) with significantly less experience than Plaintiff (approximately 15+ years Plaintiff's junior) as the other regional manager. Thomas was given 2/3 of the country while Plaintiff was assigned to only the East Coast.

10.      Over the course of Plaintiff's employment, Thomas targeted Plaintiff for special abuse because of his sexuality. During several team meetings, Thomas made inappropriate jokes

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

about Plaintiff being gay and regularly, and for no apparent reason, made references to "gay music, like Madonna and Lady Gaga" and RuPaul's Drag Race. Thomas's inappropriate jokes were not welcomed and made Plaintiff uncomfortable.

11.     In or around September 2019, Nexstar consolidated its social division HYFN, Inc. into Nexstar Digital and Kay assigned 20 of the 22 accounts to Thomas and only 2 to Plaintiff.

12.     In an attempt to demean Plaintiff, Kay would regularly insinuate that Plaintiff was stupid. Kay constantly told Plaintiff that he "did not measure up" to Thomas and dismissed anything Plaintiff said. Kay verballed abused Plaintiff almost daily. On one occasion, Kay told Plaintiff that former President Donald Trump did not support LGBT issues and he would vote for Trump again. Plaintiff found Kay's statement bizarre.

13.     On or about December 2019, Plaintiff received a "lateral move" to Vice President of Strategic Sales. Although described as a "lateral move," Plaintiff's pay decreased by 25% (about $50,000). Plaintiff avers that Kay was responsible for, and made the decision to appoint Plaintiff as the VP of Strategic Sales.

14.     In late January 2020, Plaintiff filed a formal complaint with Terri Bush ("Bush"), head of Human Resources, alleging a hostile work environment and discrimination. Bush agreed that Kay's behavior was inappropriate, but took no further action.

15.     Plaintiff also informed Greg Raifman ("Raifman"), the divisional President, of his complaint with Human Resources. Neither Bush nor Raufman conducted a prompt investigation, nor did they take immediate and appropriate corrective action to prevent and remedy the harassment.

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

16.     Plaintiff continued to work in a hostile work environment, until in or around February 2020, Kay resigned from Nexstar. Richard "Wil" Danielson ("Danielson") took over Kay's responsibilities.

17.     Between February 2020 and March 2021, Plaintiff repeatedly reported Thomas's homophobic behavior to Danielson. Specficially, Plaintiff told Danielson that Thomas disparaged Plaintiff with staff, directing co-workers to remove Plaintiff from email chains and not to work with Plaintiff, claiming that doing so would cose them commission. Like his predecessor, Danielson failed to stop the harassment.

18.     On March 30, 2021, Plaintiff addressed the existence of a hostile work environment again with Danielson, at which time he also disclosed his medical diagnosis of chronic anxiety. Plaintiff told Danielson that Thomas's bullying behavior was making it extremely difficult for Plaintiff to properly function in the workplace. Danielson minimized Plaintiff's disability and did nothing to address Thomas' behavior, despite Plaintiff's numerous complaints.

19.     Instead of addressing any of Plaintiff's complaints, on or about May 1, 2021, Defendant terminated Plaintiff.

20.     On October 4, 2021, the Department of Fair Employment Housing ("DFEH") issued Plaintiff a Notice of Right to Sue concerning his complaint of discrimination. The Notice of Right to Sue advised Plaintiff that he must file a civil action within one year from the date of the Notice of Right to Sue. A true and correct copy of this notice is attached hereto as "Exhibit 1." Plaintiff not only timely filed a civil action, but he also exhausted all available administrative remedies. Cal. Gov't. Code §12960.

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

<u>FIRST CAUSE OF ACTION</u>

DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA

(AGAINST DEFENDANT)

21.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

22.     Plaintiff's actual, perceived, and/or history of disability and/or other characteristics protected by FEHA (Government Code section 12900*, et seq.*) were motivating factors in Defendant's decision to terminate Plaintiff's employment, not to retain, or otherwise employ Plaintiff in any position, to refuse to accommodate Plaintiff, to refuse to engage in the interactive process, and/or to take other adverse job actions against Plaintiff.

23.     Defendant violated FEHA (Government Code section 12900, *et seq.*) and committed numerous unlawful employment practices, including but not limited to the following:

a. Terminating Plaintiff, in whole or in part on the basis of Plaintiff's actual, perceived, and/or history of disability in violation of Government Code section 12940(a);

b. Failing to accommodate Plaintiff's actual, perceived, and/or history of disability, in violation of Government Code section 12940(m);

c. Failing to engage in a timely, good faith interactive process to determine reasonable accommodation, in violation of Government Code section 12940(n);

d. Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on actual, perceived, and/or history of disability, in violation of Government Code section 12940(k);

e. Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including rights of reasonable accommodation, rights of interactive process, leave rights, and/or the right to

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

be free of discrimination, in violation of Government Code section 12940(h);

24.     The unlawful employment practices were a substantial factor in causing damages and injuries to Plaintiff. The discrimination interfered with Plaintiff's career and professional goals.

25.     As a result of the aforesaid unlawful acts of Defendant, Plaintiff has lost and will continue to suffer economic injury, in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

26.     As a result of the aforesaid unlawful acts of Defendant, Plaintiff was personally humiliated and has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for such mental distress and aggravation in an amount to be proven at the time of trial.

27.     As a result of the unlawful conduct of Defendant, Plaintiff was required to retain attorneys and is entitled to reasonable attorneys' fees under California Government Code §12965.

28.     As a further legal result of the conduct of Defendant, Plaintiff is entitled to prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

SECOND CAUSE OF ACTION

HOSTILE WORK ENVIRONMENT – SEXUAL ORIENTATION HARASSMENT IN VIOLATION OF THE FEHA

(AGAINST DEFENDANT)

29.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

30.     During the period of Plaintiff's employment with Defendant, California

Government Code §12940(j)(1) was in full force and effect and binding on Defendant.

31.   California Government Code §12940(a) makes it unlawful for an employer to harass employees because of gender identity, gender expression or sexual orientation.

32.   California Government Code §12940(j)(1) provides, in part: "Harassment of an employee, an applicant, an unpaid intern or volunteer, or a person providing services pursuant to a contract by an employee, other than an agent or supervisor, shall be unlawful if the entity, or its agents or supervisors, knows or should have known of this conduct and fails to take immediate and appropriate corrective action."

33.   While working for Defendant, Plaintiff was subjected to a hostile work environment based on his sexual orientation (homosexual). The harassment included, but was not limited to the following events:

a.   Kay inexplicably changed Plaintiff's title to VP of Eastern Sales despite Plaintiff having most of his experience with the West Coast. Kay then appointed Thomas a heterosexual male with significantly less experience than Plaintiff (approximately 15+ years Plaintiff's junior) as the other regional manager. Thomas was given 2/3 of the country while Plaintiff was assigned to only the East Coast;

b.   During several team meetings Thomas made jokes about Plaintiff being gay with references to "gay music, like Madonna and Lady Gaga" and RuPaul's Drag Race;

c.   Nexstar consolidated its social division HYFN, Inc. into Nexstar Digital and Kay assigned 20 of the 22 accounts to Thomas and only 2 to Plaintiff;

d.   Kay would tell Plaintiff that he "did not measure up" to Thomas *regularly* and insinuated that Plaintiff was stupid.

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

e.   Kay told Plaintiff that former President Donald Trump did not support LGBT issues and he would vote for Trump again;

f.   At Kay's direction, Plaintiff received a "lateral move" to Vice President of Strategic Sales. Although described as a "lateral move," Plaintiff's pay decreased by 25% (about $50,000); and

g.   Plaintiff continued to work in a hostile work environment, until in or around February 2020, Kay resigned from Nexstar.

34.   Plaintiff's sexual orientation was the motivating factor for the harassment. The harassing conduct was unwelcomed and sufficiently severe or pervasive that it had the purpose or effect of altering the conditions of Plaintiff's employment and creating an intimidating, hostile, abusive, and offensive work environment. A reasonable person in the same position as Plaintiff would have perceived the environment created by the Defendant and/or Thomas and/or Kay as intimidating, hostile, abusive and offensive and the environment created was, in fact, perceived by Plaintiff as intimidating, hostile, abusive, and offensive. The conduct of the Defendant, Thomas, and/or Kay constituted unlawful employment practice under California Government Code §12940, et. seq.

35.   The unlawful employment practices were a substantial factor in causing damages and injuries to Plaintiff. The harassment interfered with Plaintiff's career and professional goals.

36.   As a result of the aforesaid unlawful acts of Defendant, Plaintiff has lost and will continue to suffer economic injury, in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

37.   As a result of the aforesaid unlawful acts of Defendant, Plaintiff was personally

humiliated and has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for such mental distress and aggravation in an amount to be proven at the time of trial.

38.     As a result of the unlawful conduct of Defendant, Plaintiff was required to retain attorneys and is entitled to reasonable attorneys' fees under California Government Code §12965.

39.     As a further legal result of the conduct of Defendant, Plaintiff is entitled to prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

<u>THIRD CAUSE OF ACTION</u>

FAILURE TO TAKE REASONABLE STEPS TO PREVENT
HARASSMENT BASED ON SEXUAL ORIENTATION

(AGAINST DEFENDANT)

40.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

41.     During the period of Plaintiff's employment with Defendant California Government Code §12940(k) was in full force and effect and binding on Defendant.

42.     California Government Code §12940(k) imposes an affirmative duty upon employers to take all reasonable steps to prevent harassment/retaliation from occurring. This duty is violated when an employer knew or should have known of the retaliation or harassing conduct and failed to take immediate and appropriate corrective action.

43.     Defendant knew of the rampant harassment towards Plaintiff the workplace because Plaintiff reported the harassment multiple times:

    a.   In late January of 2020, Plaintiff filed a formal complaint with Bush, the head of Human Resources;

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

b.  Plaintiff also informed Raifman, the divisional President, of the complaint he filed with Human Resources; and

c.  Between February 2020 and March 2021, Plaintiff repeatedly reported Thomas's homophobic behavior (demeaning reference to "gay culture") to Danielson.

44.  Defendant violated California Government Code §12940(k) because it knew or should have known of the harassing conduct and failed to take reasonable steps to prevent male employees from harassing female employees. Defendant, including Bush, Raifman, and Danielson failed to take action to protect Plaintiff from the inappropriate homophobic conduct. Defendant, including Bush, Raifman, and Danielson also failed to take all reasonable steps to prevent the harassment.

45.  Said actions and conduct of Defendant, consisting of the aforementioned, constitute unlawful employment practices under California Government Code §12940.

46.  The aforementioned unlawful employment practices on the part of Defendant was a substantial factor in causing damages to Plaintiff.

47.  As a result of the aforesaid unlawful acts of Defendant, Plaintiff has lost and will continue to suffer economic injury, in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

48.  As a result of the aforesaid unlawful acts of Defendant, Plaintiff was personally humiliated and has become mentally upset, distressed, and aggravated. Plaintiff claims general damages for such mental distress and aggravation in an amount to be proven at the time of trial.

49.  As a result of the unlawful conduct of Defendant, Plaintiff was required to retain attorneys and is entitled to attorneys' fees pursuant to California Government Code §12965.

50.    As a further legal result of the conduct of Defendant, Plaintiff is entitled to prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

<u>FOURTH CAUSE OF ACTION</u>

RETALIATION IN VIOLATION OF THE FEHA

(AGAINST DEFENDANT)

51.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

52.    During the period of Plaintiff's employment with Defendant California Government Code §12940(k) was in full force and effect and binding on Defendant.

53.    California Government Code §12940(h) prohibits an employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."

54.    After Plaintiff voiced opposition to sexual orientation harassment and/or disclosed his disability, Defendant summarily terminated him in May 2021.

55.    In retaliation for complaining, reporting, and/or protesting sexual orientation harassment, Defendant engaged in a pattern or practice of harassment towards Plaintiff by allowing Thomas and/or Kay to degrade male gay employees and harass Plaintiff for opposing sexual harassment in the workplace. Plaintiff was subjected to a series of adverse employment actions, which actions are referenced in detail above.

56.    Plaintiff's reporting of sexual orientation harassment was a substantial motivating factor for Defendant to retaliate against Plaintiff.

57.    After learning of Plaintiff's disability, Defendant terminated him.

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

58.     The conduct as set forth above constituted retaliation thereby creating a violation actionable under, among other things, California Government Code §12940, et seq.

59.     The aforementioned unlawful employment practices on the part of Defendant was a substantial factor in causing damages and injuries to Plaintiff.

60.     As a result of the aforesaid unlawful acts of Defendant, Plaintiff has suffered economic damages, including lost income, employment benefits, and career opportunities. He continues to suffer other economic losses – the precise amount to be proven at the time of trial. Plaintiff claims this amount as damages together with prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

61.     As a further result of the aforesaid unlawful acts of Defendant, Plaintiff suffered and continues to suffer anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress. Plaintiff claims general damages for such mental distress and aggravation in an amount to be proven at the time of trial.

62.     As a result of the unlawful conduct of Defendant, Plaintiff was required to retain attorneys and is entitled to reasonable attorneys' fees under California Government Code §12965.

63.     As a further legal result of the conduct of Defendant, Plaintiff is entitled to prejudgment interest pursuant to California Civil Code §3287 and/or any other provision of law providing for prejudgment interest.

WHEREFORE, Plaintiff seeks judgment against Defendant on the First, Second, Third, and Fourth causes of action for:

COMPLAINT AND DEMAND FOR JURY TRIAL

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

1.      Actual, consequential, and incidental losses, including but not limited to loss of income, and other employment benefits, in a sum according to proof, together with prejudgment interest;

2.      General damages for emotional distress and mental suffering in a sum according to proof;

3.      Attorneys' fees pursuant to California Government Code §12965(b);

4.      Costs of suit herein; and

5.      Such other and further relief as the Court may deem proper.

Dated: December 10, 2021        By: _____
                                          Brett M. Rubin, Esq.
                                          Attorney for Plaintiff
                                          ADAM GORDON

DEMAND FOR JURY

Dated: December 10, 2021        By: _____
                                          Brett M. Rubin, Esq.
                                          Attorneys for Plaintiff
                                          ADAM GORDON

THE CASTAÑÓN LAW GROUP
1801 Century Park East, Suite 1100
Los Angeles, CA 90067

COMPLAINT AND DEMAND FOR JURY TRIAL

EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 4, 2021

Brett Rubin
17342 Tiara Street
Encino, California 91316

RE:     **Notice to Complainant's Attorney**
DFEH Matter Number: 202110-14957404
Right to Sue: Gordon / Nexstar, INc

Dear Brett Rubin:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 4, 2021

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202110-14957404
        Right to Sue: Gordon / Nexstar, INc

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                        KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 4, 2021

Adam Gordon
1035 N Sierra Bonita Ave Apt 5
West Hollywood, California 90046

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202110-14957404
        Right to Sue: Gordon / Nexstar, INc

Dear Adam Gordon:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective October 4, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Adam Gordon                                                    DFEH No. 202110-14957404

                              Complainant,

vs.

Nexstar, INc
545 E JOHN CARPENTER FREEWAY, STE 700
Irving, Texas 75062

                              Respondents

---

**1.** Respondent **Nexstar, INc** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Adam Gordon**, resides in the City of **West Hollywood,** State of **California.**

**3**. Complainant alleges that on or about **May 1, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sexual orientation, disability (physical or mental), sexual harassment- hostile environment.

**Complainant was discriminated against** because of complainant's sexual orientation, disability (physical or mental) and as a result of the discrimination was terminated, denied hire or promotion, demoted, asked impermissible non-job-related questions, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation and as a result was terminated, denied hire or promotion, demoted, asked impermissible non-job-related questions, denied reasonable accommodation for a disability, denied work opportunities or assignments.

-1-

*Complaint – DFEH No. 202110-14957404*

Date Filed: October 4, 2021

DFEH-ENF 80 RS

**Additional Complaint Details:** After repeatedly being harassed on the basis of his sexual orientation, and complaining about it, Complainant was demoted. Later, after informing his supervisor of continuing harassment or discrimination, and the existence of a diagnosed medical condition, his employment was terminated in a matter of days.

-2-

*Complaint – DFEH No. 202110-14957404*

Date Filed: October 4, 2021

DFEH-ENF 80 RS

VERIFICATION

I, **Brett Rubin**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On October 4, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Encino, CA**

-3-

*Complaint – DFEH No. 202110-14957404*

Date Filed: October 4, 2021

DFEH-ENF 80 RS

# EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 01/20/2022 02:47 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Love,Deputy Clerk

Katessa M. Charles (SBN 146922)
*Katessa.Charles@Jacksonlewis.com*
Stephanie Y, Yun (SBN 303986)
*Stephanie.yun@Jacksonlewis.com*
**JACKSON LEWIS P.C.**
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:     (213) 689-0404
Facsimile:      (213) 689-0430

Attorneys for Defendants
NEXSTAR MEDIA GROUP, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ADAM GORDON<br><br>Plaintiff,<br><br>v.<br><br>NEXSTAR MEDIA GROUP, INC., a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.:  **21STCV45401**<br><br>[*Assigned for all purposes to the Honorable Michael P. Linfield, Department 34*]<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed:        December 13, 2021 |

Defendant NEXSTAR MEDIA GROUP, INC. (Defendant"), on behalf of itself and for no other defendant, hereby responds to the Complaint for Damages ("Complaint") filed by Plaintiff ADAM GORDON ("Plaintiff") and admits, denies and otherwise pleads as follows:

## **GENERAL DENIAL**

Pursuant to the California Code of Civil Procedure section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint and denies that Plaintiff has suffered any injury or been damaged in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.      Plaintiff's Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

2.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, Labor Code section 3200, et seq.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

3.      Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust his administrative remedies required under any and all applicable state laws, including the Fair Employment and Housing Act.

### FOURTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

4.      Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure section 335.1 and California Government Code sections 12940, 12960 and 12965.

### FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

5.      Plaintiff's allegations of discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.  State Dept. of Health Servs. v. Superior Court of

Sacramento County (McGinnis) (2000) 31 Cal.4th 1026.

## SIXTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

6.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any alleged harassing, discriminatory or retaliatory behavior.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

7.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because all decisions and acts by Defendant which pertained to Plaintiff's employment were based upon legitimate, non-discriminatory and non-retaliatory reasons that were not related to a violation of public policy, or any other factors protected by law.

## EIGHTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith & Justified Conduct)

8.     Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged and/or justified under California law and for valid business reasons.

## NINTH AFFIRMATIVE DEFENSE

### (Mixed Motives)

9.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory and/or retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory business reasons. *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

10.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of Defendant.

1

2

### ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

3

4

11.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of waiver, estoppel, and unclean hands.

5

6

### TWELFTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

7

8

9

12.     To the extent discovery may disclose information which could serve as a basis for any actions by Defendant in connection with Plaintiff's employment, Plaintiff is barred from recovery by the doctrine of after-acquired evidence.

10

11

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

12

13

13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

14

15

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship)

16

17

18

14.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in that accommodation of Plaintiff's alleged disability would impose an undue hardship upon Defendant.

19

20

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

21

22

15.     Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

23

24

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Employment At-Will)

25

26

16.     Any recovery on Plaintiffs' Complaint, or any purported cause of action alleged therein, is barred because Plaintiff was employed at will pursuant to California Labor Code section 2922.

27

28

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Offset)

17.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by <u>Witt v. Jackson</u> (1961) 57 Cal.2d 57 and its progeny.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Public Policy Based on Statute or Constitution)

18.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because the acts complained of within Plaintiff's Complaint do not trigger any fundamental public policy that was based on some statute or constitutional protection, well established at the time of Plaintiff's employment, and inuring to the benefit of the public as a whole, rather than Plaintiff.

## nineteenth AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs)

19.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to Government Code section 12965 upon judgment in its favor.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing herein;

2.      For reasonable attorney's fees pursuant to California Government Code section 12965;

3.      For costs of suit herein; and

4.      For such other and further relief as the Court may deem just and proper.

DATED:  January 20, 2022                    JACKSON LEWIS P.C.

By: _____
                    Katessa M. Charles
                    Stephanie Y. Yun

                    Attorneys for Defendants
                    NEXSTAR MEDIA GROUP, INC.

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:**     ***ADAM GORDON v. NEXSTAR MEDIA GROUP, INC.***

**CASE NUMBER:**     **21STCV45401**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On **January 20, 2022**, I served the foregoing document described as:

### **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

The Castañón Law Group
Myrna Castañón, Esq.
Brett M. Rubin, Esq.
1801 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel: (310) 277-7722
Fax: (323) 966-5959
Email:  myrna@clglawyers.com
Brett Rubin <brett@clglawyers.com
Priscilla Calderon <priscilla@clglawyers.com
Jessica Abreu <jessica@clglawyers.com

*Attorneys for Plaintiff*

**[XX]   BY ELECTRONIC MAIL**

Based on a court or government order (imposed by the COVID-19 pandemic) or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address Ruth.perez-pico@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[XX]   STATE**  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **January 20, 2022** at Los Angeles, California.


_____
Ruth Perez-Pico

4870-5429-5049, v. 1